## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SHAWN WHITE,

                      Plaintiff,

v.

                                    Civil No.: 1:22-cv-01630-JRR

PARADISE MGMT., LLC, *ET AL.*,

                      Defendants.

## <u>MEMORANDUM OPINION</u>

The court has before it Defendant Paradise Management, LLC and Greenwich Place's Motion to Dismiss (ECF 11; the "Motion"), as well as all opposition and reply papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2021).

Self-represented Plaintiff White sues Defendants for breach of contract, intrusion upon seclusion/invasion of privacy, retaliatory eviction, and "gross and clear" negligence. (Complaint at ECF 3.) Plaintiff alleges that (at the time he filed the action) he resided in his mother's residential rental unit, which he alleges was managed and/or leased by Defendants during his residency at the apartment. Plaintiff further alleges that in July 2020, he discovered "illegal hidden cameras" installed in the smoke detectors of his mother's apartment. He alleges further that a former property manager verbally acknowledged the illegal hidden cameras; and a subsequent property manager verbally acknowledged the cameras, but later elected not to respond to an

(Illinois) attorney demand letter for a monetary settlement of $500,000.00.   Thereafter, the Defendant landlord[1] provided 60 days' written notice of lease termination of the rental property.

Defendants argue Plaintiff lacks standing and that all claims fail as a matter of law pursuant to Rule 12(b)(6), as Plaintiff fails to state a claim for which relief can be granted.

As a preliminary matter, complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys; therefore, a plaintiff who submits an inartful complaint that sets forth a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *Johnson v. Silver*, 742 F.2d 823 (4th Cir. 1984).   That notwithstanding, self-represented plaintiffs are required to comply with court rules, including those setting forth the rules of pleading.

## I.   STANDING AND FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

In order to state a civil claim in federal court, a plaintiff must have "standing" to sue.   This means the plaintiff must have suffered in an injury in fact that is reasonably traceable to the defendant(s) and is redressable by a judicial decision in the plaintiff's favor. *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992).

A party moving to dismiss pursuant to Rule 12(b)(6) asserts that a plaintiff has failed to state a claim upon which relief can be granted. FED. R. CIV. P. 12(B)(6).   A Rule 12(b)(6) motion "tests the legal sufficiency of a complaint.   It does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999)).   Accordingly, a "[r]ule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual

---

[1] Defendants aver that Defendant Greenwich Place is not the correct defendant, and that FTP Greenwich Place, LP and FTP Greenwich Place Management, LLC, are the correct "Greenwich Place" defendants.  (ECF 11-1  at p.1.)

inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244 (citing *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992)).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "A complaint that provides no more than 'labels and conclusions,' or 'formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).

## II.   CONSIDERATION OF EXHIBITS

As an initial matter, the parties attach exhibits to their motions papers. In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court usually does not consider evidence outside of the complaint. A court may consider documents attached to a motion to dismiss if the document is "integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.,* 190 F.3d 609, 618 (4th Cir. 1999)). "An integral document is a document that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake,* 794 F. Supp. 2d. at 611 (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)). "In addition to integral and authentic exhibits, on a 12(b)(6) motion the court 'may properly take judicial notice of matters of public record.'" *Id.* (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

None of the exhibits attached to the Motion, Plaintiff's opposition, or Defendants' reply are integral to, or explicitly relied upon in, the complaint; instead they pertain to proving or defending the merits of the claims.  The court will not consider the exhibits attached to the motions papers.

### III.   BREACH OF CONTRACT

Under Maryland law, the elements of a claim for breach of contract include contractual obligation, breach, and damages.  To state a claim for breach of contract under Maryland law, the plaintiff must "allege with certainty and definiteness facts showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by the defendant."  *Continental Masonry Co. v. Verdel Constr. Co.*, 279 Md. 476, 480 (1977*); RRC Northeast, LLC v. BAA Maryland, Inc.,* 413 Md. 638 (2010).

Defendants are correct that Plaintiff fails to allege any contractual relationship with either Defendant and instead concedes that he moved into his mother's apartment after determining that he had been subject to "Infrasound Harassment Campaigns" that caused him to have chronic headaches and nausea. (ECF 13).  Accordingly, Plaintiff's claim for breach of contract will be dismissed for failure to state a claim pursuant to Rule 12(b)(6) and for lack of standing in accordance with *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992).

### IV.   INTRUSION UPON SECLUSION/INVASION OF PRIVACY

Intrusion upon seclusion is one of the four recognized privacy claims under Maryland law. To state a claim for invasion of privacy by intrusion upon seclusion, a plaintiff must allege Defendants have engaged in intentional intrusion upon another's "solitude, seclusion, private affairs, or concerns in a manner that would be highly offensive to a reasonable person." *Gamble*

*v. Fradkin & Weber, P.A.,* 846 F. Supp.2d 377, 383 (D. Md. 2012); *see also Pemberton v. Bethlehem Steel Corp.,* 66 Md. App. 133 (1986).

Plaintiff fails to allege (or to plead facts that could reasonably be construed to allege) that either Defendant installed cameras in his mother's apartment.  At best, Plaintiff alleges that Defendants' property managers concurred with Plaintiff when he showed them what he contends were the hidden cameras.  Further, even were the court to construe the Complaint to so allege, the Plaintiff fails to allege that Defendants had any knowledge or awareness that Plaintiff was residing in his mother's apartment prior to the time he allegedly alerted the property manager of the hidden cameras.  Therefore, Plaintiff has failed to plead facts that could be construed to charge Defendants with intentionally invading his privacy.  The court will dismiss Plaintiff's claim for invasion of privacy by intrusion upon seclusion.

## V.    GROSS AND CLEAR NEGLIGENCE

Gross Negligence is "an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without an exertion of any effort to avoid them." *Liscombe v. Potomac Edison Co.,* 303 Md. 619, 635 (1985).   A defendant is liable for gross negligence when he acts in a wanton and willful manner, and by so doing, inflicts injury either intentionally or with utter indifference to the rights of others as though "such rights did not exist." *Id.* Gross negligence is "akin to reckless conduct." *Taylor v. Harford County Dep't of Soc. Servs*., 384 Md. 213, 229 (2004).  Plaintiff has failed to plead any facts that could be reasonably construed to allege that Defendants willfully conducted their business in a manner demonstrating a thoughtless disregard of his rights (or as though they did not exist).

The court construes the Complaint broadly to assert, alternatively, a claim of simple negligence. To state a claim of negligence, a plaintiff must plead facts to support an alleged duty owed to the plaintiff by the defendant, a breach of that duty by the defendant, and harm to the plaintiff suffered as a proximate cause of the defendant's breach of duty. Plaintiff has failed to plead facts that could reasonably be construed to allege the existence of any duty owed to the Plaintiff. Therefore, the court will dismiss the claim for negligence.

## VI.   RETALIATORY EVICTION

Maryland statutory law provides that a landlord may not terminate a residential periodic lease after making a good faith complaint about a violation of the law, the lease, or some form of threat to health and safety. Md. Code Ann., Real Prop. § 8-208.1. A claim for retaliatory eviction requires a plaintiff to allege that following such a good faith complaint, the defendant landlord threatened or commenced repossession of the leased premises. As set forth earlier, Plaintiff has not alleged that he was a party to the apartment lease. Therefore, Plaintiff's claim for retaliatory eviction fails and will be dismissed.

For the reasons set forth herein, the Complaint will be dismissed by separate order.

/S/

_____
Julie Rebecca Rubin
United States District Judge

December 14, 2022